[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14777
Non-Argument Calendar

_____

D. C. Docket No. 04-20092-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ARMANDO LORENZO,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 11, 2005)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

The United States appeals Armando Lorenzo's eight-month sentence

imposed after Lorenzo pleaded guilty to possession of Device-Making Equipment with the intent to defraud, in violation of 18 U.S.C. § 1029(a)(4). The government argues that in light of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005), the district court committed reversible error in applying the Sentencing Guidelines as mandatory. The government further contends that the district court failed to correctly calculate the advisory guidelines range by not applying an enhancement based upon a loss amount found by the district court but not charged in the indictment or admitted to by the defendant.

The government properly preserved its *Booker* error claim by raising an objection to the district court's application of *Blakely* at sentencing. *See United States v. Mathenia*, 409 F.3d 1289, 1291 (11th Cir. 2005) (holding that appellant properly preserved *Booker* error claim by citing *Blakely* in his written objection to the presentence investigation report and reminding the court at sentencing of his *Blakely* objection).

"We review questions of law arising under the Sentencing Guidelines *de novo*." *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). Deciding whether a factor is a permissible grounds on which to upwardly or downwardly depart from the Sentencing Guidelines is a question of law. *See United States v. Kim*, 364 F.3d 1235, 1239-40 (11th Cir. 2004).

2

*Booker* does not alter our review of the application of the Guidelines. *Crawford*, 407 F.3d at 1178. The Supreme Court concluded in *Booker* that the district court must still consider the Sentencing Guidelines in correctly determining a defendant's sentence. *Booker*, 125 S. Ct. at 765. Further, district courts, post-*Booker*, have the obligation to correctly calculate the Guidelines range. "After [the district court] has made this calculation, [and considers other factors as set forth in 18 U.S.C. § 3553, it] may impose a more severe or more lenient sentence as long as the sentence is reasonable." *Crawford*, 407 F.3d at 1178, *citing Booker* 125 S. Ct. at 767.

In the instant case, the district court indicated its desire to factor the amount of loss into the determination of the appropriate Guidelines range and thus sentence Lorenzo within a higher range. However, the district court did not use this factor to enhance Lorenzo's sentence because the district court considered it prohibited under *Blakely*. *Crawford* indicates that the district court was able to and should have taken into consideration the loss amount that resulted from Lorenzo's criminal acts in correctly calculating Lorenzo's sentence. *Crawford*, 407 F.3d at 1178.

Determining the correct Sentencing Guideline range remains a crucial obligation of the district court post-*Booker*. In this case, the district court failed to

3

consider the correct Guidelines range in determining Lorenzo's sentence. The

error was not harmless because the court's comments make it clear that had it

considered the correct sentencing range, the sentence would have been higher.

Accordingly, we vacate Lorenzo's sentence and remand the case to the district

court for resentencing.

**SENTENCE VACATED AND REMANDED**