[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16119

_____

D.C. Docket No. 04-20092-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ARMANDO LORENZO,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 8, 2006)**

Before PRYOR, FAY and REAVLEY,[*] Circuit Judges.

PER CURIAM:

The United States appeals the district court's sentence following our post-

---

[*] Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting by designation.

Booker[1] remand. We vacate the sentence and remand for re-sentencing.

Lorenzo pleaded guilty to one count of possession of device-making equipment. The pre-sentence investigation report included enhancements and calculated the sentencing guideline range as 24 to 30 months' imprisonment. Lorenzo objected on the basis of Blakely,[2] arguing that the enhancements based on facts not admitted or proven to a jury could not be used to increase his guideline range. The district court agreed and calculated Lorenzo's guideline range as 2 to 8 months without the enhancements. The district court sentenced Lorenzo to 8 months' imprisonment and 3 years of supervised release, but stated that if not for Blakely, it would have sentenced Lorenzo to 27 months' imprisonment. The Government appealed. After the Supreme Court decided Booker, we remanded for re-sentencing because under an advisory scheme the district court could apply the enhancements to calculate the guideline range. 144 F. App'x 833 (2005).

By the time the case returned to the district court, Lorenzo had been released from prison and was complying with the terms of his supervised release. Over the Government's objection, the district court sentenced Lorenzo to time served and 3 years of supervised release because Lorenzo's "post vacation . . . of his sentence

---

[1] United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

[2] Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

2

behavior show[ed] his ability to effectively respond to supervision, his ability to maintain a job, [and] to be employed in the community."

Post-Booker, we review a district court's sentence for reasonableness. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). In reviewing for reasonableness, we first determine if the district court correctly interpreted and applied the advisory sentencing guidelines. Id. We then determine whether the sentence is reasonable in light of the factors contained in 18 U.S.C. § 3553. Id. The district court must consider § 3553's factors in arriving at an appropriate sentence, but the district court need not recite that it has considered each factor. Id. A sentence that is based entirely upon an impermissible factor is unreasonable because such a sentence does not achieve the purposes of § 3553(a). United States v. Williams, 456 F.3d 1353, 1361 (11th Cir. 2006).

The sentence imposed by the district court was not based on any § 3553 factor. Lorenzo and the district court assert that consideration of post-sentencing behavior falls within § 3553(a)(1), which includes "the history and circumstances of the defendant," but we are not persuaded that § 3553(a)(1) contemplates post-sentencing history and characteristics. Consideration of post-sentencing behavior also directly contravenes two factors under § 3553.

First, § 3553(a)(6) instructs that a district court is to "avoid unwarranted

sentencing disparities among defendants with similar records who have been found guilty of similar conduct."  Few defendants have the opportunity to be resentenced. Consideration of post-sentencing behavior is inconsistent with § 3553(a)(6) because such consideration would, without sufficient reason, inequitably benefit the few defendants with the opportunity for re-sentencing and create unwarranted sentence disparities.

Second, § 3553(a)(5)(A) provides that a district court must consider "any pertinent policy statement issued by the Sentencing Commission" in arriving at an appropriate sentence.  United States Sentencing Guideline 5K2.19 (a policy statement) instructs that:

> Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when re-sentencing the defendant for that offense. (Such efforts may provide a basis for early termination of supervised release under 18 U.S.C. 3583(e)(1).)

The sentencing commission's comment on the guideline states that the commission

> has determined that post-sentencing rehabilitative measures should not provide a basis for downward departure when re-sentencing a defendant initially sentenced to a term of imprisonment because such a departure would (1) be inconsistent with the policies established by Congress under 18 U.S.C. 3624(b) and other statutory provisions for reducing the time to be served by an imprisoned person; and (2) inequitably benefit only those who gain the opportunity to be

4

resentenced de novo.

Under § 3553(a)(5)(A), which requires consideration of U.S.S.G. 5K2.19, post-sentence rehabilitative conduct is an impermissible factor for the district court's consideration.

The district court here did not rely on a § 3553 factor and instead directly contravened two factors under § 3553. We therefore cannot hold the sentence to be reasonable. Accordingly, we vacate the sentence and remand for re-sentencing.

**VACATED** and **REMANDED.**