[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 25, 2008
THOMAS K. KAHN
CLERK

No. 07-12268
Non-Argument Calendar

_____

D. C. Docket No. 99-08125-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WANDA TIRADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 25, 2008)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Wanda Tirado appeals her 262-month sentence, following resentencing, for

one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and four counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B). Tirado contends that the district court erred by: (1) failing to consider post-sentence rehabilitative evidence during her resentencing; and (2) imposing a sentence much harsher than many other defendants convicted of fraud-related crimes.

Tirado first contends that the district court erred by failing to consider evidence of her rehabilitative efforts after her initial sentence hearing. Tirado admits that this argument is inconsistent with our holding in United States v. Lorenzo, 471 F.3d 1219 (11th Cir. 2006), but argues that Lorenzo was incorrectly decided and should be overruled.

We review de novo whether a district court may consider a certain sentencing factor. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). Under our prior panel precedent rule, this panel cannot overrule another panel's prior holding. United States v. Steele, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc).

In Lorenzo, the defendant's original sentence had been vacated, and by the time of his resentence hearing, he had been released from prison. Lorenzo, 471 F.3d at 1220. At his resentence hearing, the district court sentenced him to a more

lenient sentence because his behavior following his release from prison showed that he responded positively to supervision and was maintaining a job. Id. We held that evidence of a defendant's post-sentencing rehabilitative conduct did not fall within any of the 18 U.S.C. § 3553(a) factors. Id. at 1221. Moreover, this Court stated that consideration of such evidence would contravene two of the factors by: (1) creating sentencing disparities with defendants who do not get the opportunity to be resentenced; and (2) violating the Sentencing Commission's policy statement that post-sentence rehabilitative conduct is not an appropriate basis for a downward departure at a resentence hearing. Id. Because the district court "did not rely on a § 3553 factor and instead directly contravened two factors under § 3553," we concluded that the sentence was unreasonable and remanded the case for resentencing. Id.

Under the prior panel precedent rule, we cannot overturn Lorenzo's holding that evidence of post-sentence rehabilitative conduct is an impermissible factor for consideration during resentencing, and that consideration of such evidence results in an unreasonable sentence. Steele, 147 F.3d at 1317–18. Therefore, under the law of this circuit, the district court did not err by refusing to consider Tirado's post-sentence rehabilitative evidence.

Alternatively, at her resentence hearing, the district court stated that even if

it had considered Tirado's post-sentence rehabilitative evidence, it still would have imposed the same sentence. In United States v. Keene, 470 F.3d 1347 (11th Cir. 2006), we stated that "'[t]he Supreme Court and this Court have long recognized that it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence.'" Id. at 1349 (citation omitted). Because the district court explicitly stated that it would have imposed the same sentence even if it had considered Tirado's post-sentence rehabilitative evidence, any error that it committed by failing to consider that evidence is harmless. See id.

Tirado next contends that her 262-month sentence is unreasonable because the district court failed to consider that it was it was significantly longer than the sentences received by one of her co-defendants and many other individuals convicted of fraud in this circuit. We review the sentence imposed by the district court for reasonableness. Clay, 483 F.3d at 743. "Our review for reasonableness is deferential, and the party challenging the sentence has the burden of establishing unreasonableness." Id.

"[A] sentence may be reviewed for procedural or substantive unreasonableness." United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). When reviewing a sentence for procedural reasonableness, we must

4

"ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 597 (2007). "Additionally, a sentence may be substantively unreasonable, regardless of the procedure used." Hunt, 459 F.3d at 1182 n.3.

"The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S.___, 127 S. Ct. 2456, 2468 (2007). Generally, when sentencing inside the advisory guideline range, the district court is required neither to state explicitly that it has considered each of the § 3553(a) factors in open court, nor to give a lengthy explanation for its sentence. See United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (citing Rita, 551 U.S. at___, 127 S. Ct. at 2468–69). It is sufficient for the court to acknowledge that it has considered the defendant's arguments and § 3553(a) factors, Talley, 431 F.3d at 786, and it is within the district court's discretion how much weight an individual § 3553(a) factor should receive, Clay, 483 F.3d at 743. One of the § 3553(a) factors is "the need to avoid

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Tirado has not shown that her sentence is unreasonable. The court, after correctly calculating the guidelines range, stated that it had considered all of the § 3553(a) factors and went on to discuss several of them, including the seriousness of Tirado's offense, the need to protect the public, and the need to deter Tirado and others from committing similar crimes. Tirado did not present any evidence of similarly situated defendants receiving shorter sentences. The one co-defendant she points to pleaded guilty to a single count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, which carried a statutory maximum of 60 months imprisonment. In addition, although she cites several other fraud cases from this circuit, she fails to present any evidence that those defendants had similar records and were convicted of similar conduct. Accordingly, Tirado has not shown that her 262-month sentence, which is at the bottom of the guidelines range and is significantly lower than the 90-year statutory maximum sentence she faced, is either procedurally or substantively unreasonable. See Clay, 483 F.3d at 743.

**AFFIRMED.**