[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11517
Non-Argument Calendar

_____

D. C. Docket No. 04-14027-CR-KAM-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVORY CHARLES BRINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 3, 2008)**

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Ivory Charles Brinson, through counsel, appeals his 360-month sentence, imposed on resentencing after he was found guilty of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). On appeal, Brinson generally argues that his sentence was unreasonable because the district court failed to properly consider the factors in 18 U.S.C. § 3553(a). Specifically, Brinson first argues that the court should not have enhanced his sentence based on a finding that he was career offender under U.S.S.G. § 4B1.1. Next, he argues that the Guidelines' disparate treatment of crack and powder cocaine rendered his guideline sentence greater than necessary to promote the statutory purposes of sentencing and that, at the least, he was entitled to a two-level reduction in his offense level based on Amendment 706 to the Guidelines. Finally, Brinson argues that his sentence was unreasonable because the court failed to consider properly his particular mitigating circumstances, specifically his advanced age, post-sentencing rehabilitation, drug addiction, and health problems. For the reasons set forth below, we affirm.

**I.**

A federal grand jury charged Brinson with one count of possession with intent to distribute five or more grams of a substance containing a detectible amount of cocaine base ("crack cocaine"), and Brinson initially pled guilty to the

2

offense. The probation office prepared a presentence investigation report ("PSI"), and determined that Brinson qualified as a career offender under U.S.S.G. § 4B1.1(a). Because Brinson's offense carried a statutory maximum penalty of life imprisonment under the enhanced penalty provisions in 21 U.S.C. § 841(b)(1)(B), the officer determined that his base offense level was 37, pursuant to U.S.S.G. § 4B1.1(b). After a 3-level reduction for his acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b), Brinson's total offense level was 34. Both because of his criminal history points and because he qualified as a career offender, Brinson's criminal history category was VI. Based on his total offense level of 34 and his criminal history category of VI, Brinson's guideline range was 262 to 327 months' imprisonment.

The PSI set out Brinson's criminal history and provided that he had been convicted of, inter alia, petit theft in 1970, petit larceny in 1974, burglary of a dwelling and grand theft in 1977, trespassing in 1987, possession of cocaine in 1990, possession of cocaine also in 1990, possession and sale of cocaine in 1992, possession of cocaine in 1994, possession and sale of cocaine in 1999, possession with intent to sell cocaine in 2001, possession with intent to deliver cocaine in 2001, and possession with intent to sell cocaine and possession of marijuana in 2001. The PSI also set out that Brinson was born in May 1951, and, according to

3

Brinson, he was diagnosed with hepatitis C in 1970, he had used various drugs since he was 12, and he had a severe drug addiction problem. Brinson objected to his classification as a career offender, arguing that the indictment did not charge him as a career offender and that sentencing him as one would violate his Fifth and Sixth Amendment rights under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

After the PSI was prepared, Brinson moved to withdraw his guilty plea, and the court granted his motion and set the case for trial. At the change-of-plea hearing, the government indicated that it would no longer recommend the three-level reduction for Brinson's acceptance of responsibility. Following a trial, the jury found Brinson guilty as charged. In November 2004, after the jury had been released, Brinson's counsel indicated that Brinson's guideline range was 360 months' to life imprisonment without the adjustment for acceptance of responsibility, and he requested a sentence at the low end of the range. The court sentenced him to 360 months' imprisonment.

Brinson appealed to this Court, arguing that the district court committed constitutional and statutory error under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) by enhancing his sentence based on his prior convictions. We concluded that, pursuant to the Supreme Court's decision in

4

Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d

350 (1998), the district court did not commit constitutional error by considering

Brinson's prior convictions in enhancing his sentence. However, we held that the

district court committed statutory error under Booker by applying the Guidelines in

a mandatory fashion. Because we could not say "with fair assurance" that the court

would have imposed the same 360-month sentence under an advisory scheme, we

vacated and remanded for resentencing.

At a first resentencing hearing in October 2006 (the "2006 Resentencing"),

the district court again sentenced Brinson to 360 months' imprisonment. Brinson

filed a late notice of appeal, and we dismissed Brinson's appeal sua sponte for lack

of jurisdiction. Brinson then filed a motion to vacate, set aside, or correct his

sentence, pursuant to 28 U.S.C. § 2255, arguing that his counsel had been

ineffective for failing to file a timely appeal. The district court granted Brinson's

motion to vacate and adopted the magistrate judge's recommendation that the court

follow the procedures in United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000)[1]

---

[1] In Phillips, 225 F.3d at 1201, we held,

When the district courts of this circuit conclude that an out-of-time appeal in a
criminal case is warranted as the remedy in a § 2255 proceeding, they should
effect that remedy in the following way: (1) the criminal judgment from which
the out-of-time appeal is to be permitted should be vacated; (2) the same sentence
should then be reimposed; (3) upon reimposition of that sentence, the defendant
should be advised of all the rights associated with an appeal from any criminal
sentence; and (4) the defendant should also be advised that the time for filing a

for correcting an out-of-time appeal.

At a second resentencing hearing in March 2008 (the "2008 Resentencing"), counsel for Brinson indicated that he had objected to the application of the career-offender enhancement because the facts underlying the enhancement were never submitted to a jury to find beyond a reasonable doubt. Counsel argued for a sentence below Brinson's guideline range, specifically pointing out that the court could consider the Guidelines' disparate treatment of crack and powder cocaine in imposing a sentence, pursuant to 18 U.S.C. § 3553(a) and Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Counsel also sought a two-level reduction in Brinson's offense level based on a change in the crack cocaine guidelines. Finally, counsel requested that the court consider, pursuant to 18 U.S.C. § 3553(a), that Brinson had a history of drug addiction, he was 56 years old, he had hepatitis C, he had been drug free for three years, and his prior convictions involved small quantities of drugs.

The court found that Brinson still qualified as a career offender and that it could not ignore the guideline calculations, but it noted that it had the discretion to impose a sentence other than that called for by the Guidelines. The court reincorporated the findings it made at the original sentencing and the first

notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

resentencing proceedings, and it indicated that Brinson's guideline range was 360 months' to life imprisonment based on his total offense level of 37 and criminal history category of VI. The court also indicated that it considered the factors in 18 U.S.C. § 3553(a), specifically identifying the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to protect the public and for adequate deterrence. The court concluded that the change in the crack cocaine guidelines and the Guidelines' disparate treatment of crack and powder cocaine did not affect Brinson's guideline range because he was sentenced as a career offender. The court then stated, "As we all are well aware by now, Mr. Brinson's criminal history category – criminal history started – his adult criminal convictions started at age 18 and continued essentially for the substantial portion of his adulthood until the time of his arrest and conviction on the current offense." The court again imposed a 360-month sentence, stating, "The Court has considered the statements by all parties and has reviewed the presentence investigation report. This Court finds that a sentence at the low end of the applicable guideline range is sufficiently punitive to deter this defendant from further criminal conduct." Brinson objected that the sentence was "greater than necessary."

## II.

We review the final sentence imposed by the district court for

reasonableness. <u>Booker</u>, 543 U.S. at 264, 125 S.Ct. at 767; <u>United States v. Crawford</u>, 407 F.3d 1174, 1179 (11th Cir. 2005). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. <u>Gall v. United States</u>, 552 U.S. ___, ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). A sentence may be procedurally unreasonable if the district court improperly calculates the guidelines range, treats the Sentencing Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence. <u>Id.</u> After an appellate court has determined that the sentence is procedurally sound, <u>Gall</u> directs that the appellate court review the substantive reasonableness of a sentence under an abuse-of-discretion standard. <u>Id.</u> The review for substantive reasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question. <u>Id.</u> at ___, 128 S.Ct. at 597-600.

In its consideration of the § 3553(a) factors, the district court does not need to discuss or state each factor explicitly. <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. <u>Id.</u> at 1330. We will defer to the judgment of the district court in the weight given to the

8

§ 3553(a) factors unless the district court has made "a clear error of judgment" and has imposed "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (quotation omitted).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)-(7). We ordinarily expect a sentence within the guidelines range to be reasonable, and the appellant has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th

9

Cir. 2005).

As this appeal concerns a resentencing hearing following our remand, the law of the case doctrine is also relevant. The law of the case doctrine states that "a court should not reopen issues decided in earlier stages of the same litigation." Agostini v. Felton, 521 U.S. 203, 236, 117 S.Ct. 1997, 2017, 138 L.Ed.2d 391 (1997). "An appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal." United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996). We have held that "there is nothing improper in the district court's limiting the scope of a resentencing proceeding . . . [and] restriction of matters to be considered on remand for resentencing is in compliance with our law of the case doctrine and the mandate rule." Id. (quotation omitted). We have recognized "narrow exceptions" to the law of the case doctrine where "there is new evidence, an intervening change in controlling law dictating a different result, or the appellate decision, if implemented, would cause manifest injustice because it is clearly erroneous." Id.

**III.**

As an initial matter, Brinson has abandoned any argument that the district court committed error or imposed an unreasonable sentence at the 2006

Resentencing because, on appeal, he fails to challenge the court's actions at that proceeding. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (holding that the appellant abandoned an issue because he offered no argument as to that issue on appeal).

With respect to the 2008 Resentencing, Brinson cannot show that the court abused its discretion by imposing an unreasonable sentence. As to the procedural reasonableness of Brinson's sentence, the district court correctly relied on the calculations set out at his initial sentencing, as those had become the law of the case. See Tamayo, 80 F.3d at 1520. In addition, the court indicated that it considered all the factors in 18 U.S.C. § 3553(a), specifically identified several of them, and provided that it had considered the parties' statements. The court also indicated that it recognized the advisory nature of the Guidelines, stating that the § 3553(a) factors gave it the discretion to impose a sentence different from that called for by the Guidelines. Therefore, because the court correctly calculated Brinson's guideline range, considered the statutory factors and the parties' arguments, and treated the range as advisory, Brinson cannot show that his sentence was procedurally unreasonable. See Scott, 426 F.3d at 1329.

Brinson also cannot show that his sentence was substantively unreasonable. The court sentenced Brinson at the lowest point in his guideline range, finding that

such a sentence was appropriate given Brinson's consistent and extensive criminal history. The record shows that Brinson had sustained over ten criminal convictions since 1970 and that, since 1990, he had sustained eight prior drug-related convictions. Given Brinson's repeated and consistent violations of the law, the court properly could determine that a guideline sentence was necessary to protect the public, punish Brinson, and deter him and others from committing similar crimes. The court articulated how Brinson's sentence was supported by the statutory factors, and it was permitted to place more weight on certain factors than on others. See McBride, 511 F.3d at 1297-98. Therefore, Brinson cannot show that his sentence, at the lowest point in the guideline range and supported by the statutory factors, was unreasonable. See Gall, 552 U.S. at ___, 128 S.Ct. at 597.

With respect to Brinson's argument that he was erroneously classified as a career offender, he is precluded from challenging his career-offender status by the law of the case doctrine. In his first appeal, we determined that the district court did not err in classifying Brinson as a career offender, and he is bound by that determination under the law of the case doctrine. See Tamayo, 80 F.3d at 1520. Brinson does not argue that any of the exceptions to the law of the case doctrine are applicable, and, in any event, none of the exceptions does apply. See id. Thus, Brinson cannot show that his sentence was unreasonable due to the court's

determination that he was a career offender.

Neither can Brinson show that the court failed to consider properly the Guidelines' disparate treatment of crack and powder cocaine in imposing his sentence. In Kimbrough, the Supreme Court held that a district court "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in determining that a within-Guidelines sentence is greater than necessary to achieve the statutory purposes of sentencing. 552 U.S. at __, 128 S.Ct. at 564 (emphasis added). Nothing in Kimbrough requires a court to impose a variance based on the disparate treatment of crack and powder cocaine. See id. Furthermore, Brinson's offense level was based on his status as a career offender, which does not distinguish between crack and powder cocaine. See U.S.S.G. 4B1.1(b). Accordingly, Brinson cannot show that the court committed any error by declining to reduce his sentence based on the Guidelines' disparate treatment of crack and powder cocaine. Even though Brinson would have put more weight on the disparity, the court was permitted to place more weight on certain factors than on others. See McBride, 511 F.3d at 1297-98.

In addition, the court properly declined to reduce Brinson's offense level pursuant to Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. See U.S.S.G. App. C, Amend.

13

706.  In United States v. Moore, we held that a district court lacks the authority to reduce a defendant's sentence under Amendment 706 when the defendant is sentenced as a career offender under U.S.S.G. § 4B1.1.  541 F.3d 1323, 1330 (11th Cir. 2008).  Here, Brinson was sentenced as a career offender, such that he was not entitled to a reduction under Amendment 706.  See id.

Finally, Brinson cannot show that the court failed to consider properly the other mitigating factors he identified: his age, post-sentencing rehabilitation, drug addiction, and health problems.  Initially, with respect to his post-sentencing rehabilitation, the court was not permitted to consider this factor at the resentencing hearing.  See United States v. Lorenzo, 471 F.3d 1219, 1221 (11th Cir. 2006) (holding that, at resentencing, a court cannot consider post-sentencing behavior because such consideration "directly contravenes two factors under § 3553").  With respect to the other factors, the court heard Brinson's arguments, but concluded that a sentence at the low point in his guideline range was appropriate given his extensive criminal history.  As noted above, Brinson cannot establish that the court abused its discretion in finding that this sentence was appropriate.  Again, even if Brinson would have placed more weight on these mitigating factors, the court was entitled to give certain factors more weight than others.  See McBride, 511 F.3d at 1297-98.  Therefore, Brinson cannot show that

14

the court failed to consider properly his mitigating arguments.

In sum, Brinson cannot show that his sentence was unreasonable because the court correctly calculated his guideline range, properly considered all the factors in 18 U.S.C. § 3553(a) and Brinson's mitigating arguments, and imposed a sentence at the bottom of the guideline range that was supported by the § 3553(a) factors. Accordingly, we affirm.

**AFFIRMED.**