[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 22, 2010
JOHN LEY
CLERK

_____

No. 09-13307
Non-Argument Calendar

_____

D. C. Docket No. 06-00064-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUTHER WAYNE SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 22, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Luther Wayne Smith appeals his 100-month sentence, imposed after

resentencing, for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Smith argues that the district court should have considered Smith's post-sentencing rehabilitation. Basing his ruling entirely on this circuit's decision in United States v. Lorenzo, 471 F.2d 1219 (11th Cir. 2006), which precluded consideration of post-sentencing conduct, the district court declined to consider Smith's post-sentencing conduct. We agree that Lorenzo controls this issue.  Smith is nonetheless correct that there is a question as to whether Lorenzo continues to be good law in light of United States v. Booker, 543 U.S. 220 (2005), Rita v. United States, 551 U.S. 338 (2007), Kimbrough v. United States, 552 U.S. 85 (2007), Gall v. United States, 552 U.S. 38 (2007), and Spears v. United States, 129 S. Ct. 840 (2009).  Nonetheless, our circuit's prior precedent rule bars us from overruling Lorenzo without en banc consideration.  See U.S. v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc).

**AFFIRMED**