[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14166
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00066-CR-RLV-1-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO MAGANA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 26, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Julio Magana appeals his 120-month sentence imposed upon resentencing

for using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 as charged in count two of his indictment. On appeal, Magana argues his 120-month sentence was procedurally and substantively unreasonable.

Magana first contends that the district court incorrectly calculated his guideline range because the court found that his guideline range was 7 years (84 months) to life imprisonment when the proper guideline range was only 7 years. Magana also contends that his sentence was substantively unreasonable because the 18 U.S.C. § 3553 factors supported a sentence of 84 months' imprisonment but did not support his ultimate 120-month sentence. Magana concedes that the presentence investigation report "painted a rough picture" of him. However, Magana argues that at resentencing he was a changed person based on his post-sentence conduct. Magana contends that the district court's consideration of his criminal history, the seriousness of his offense, and his disrespect for the law did not "protect" the three-year upward variance. Magana argues that a reasonable sentence was the guideline sentence of 84 months' imprisonment. Magana notes that during his original sentencing hearing, the district court found that "a sentence within the guideline range is sufficient to punish the [d]efendant, protect the public, and is a deterrent to crime." Therefore, Magana contends that the district

court should not have exceeded the guidelines during his resentencing.

We review a final sentence for reasonableness according to the 18 U.S.C. § 3553(a) factors. *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). When reviewing a sentence, we must first determine that the "district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). If we conclude that the district court made no procedural errors, "[we] should then consider the substantive reasonableness of the sentence imposed." *Id.*

There is a "range of reasonable sentences from which the district court may choose." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 2848 (2009). "[W]e may not apply a presumption of unreasonableness where a sentence is outside of the Guidelines

range, and we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotations omitted).  However, in its consideration of the § 3553(a) factors, the district court does not need to discuss or state each factor explicitly.  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  The weight accorded to the § 3553(a) factors is left to the district court's discretion.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a). Under § 3553(a), the district court must impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes set forth in § 3553(a)(2).  *Id*.  In *United States v. Lorenzo*, 471 F.3d 1219, 1221 (11th Cir. 2006), we held that, at resentencing, a

district court could not consider post-sentencing rehabilitation because consideration of such evidence would contravene two of the § 3553(a) factors by: (1) creating sentencing disparities with defendants who do not get the opportunity to be resentenced; and (2) violating the Sentencing Commission's policy statement that post-sentence rehabilitative conduct is not an appropriate basis for a downward departure at a resentencing hearing. *Id.*

Magana cannot show that his upward variance 120-month sentence was procedurally unreasonable. A violation of 18 U.S.C. § 924(c)(1)(A)(ii), carries a mandatory minimum seven-year sentence. 18 U.S.C. § 924(c)(1)(A)(ii). "[T]he guideline sentence [for 18 U.S.C. § 924(c)(1)(A)(ii)] is the minimum term of imprisonment required by the statute." U.S.S.G § 2K2.4(b). "Every conviction under § 924(c)(1)(A) carries with it a statutory maximum sentence of life imprisonment, regardless of what subsection the defendant is sentenced under." *United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000). The district court stated, during the resentencing, that "the range of sentence is seven years to life statutorily," demonstrating that it understood the guidelines and properly calculated them.

Additionally, Magana cannot show that his sentence was substantively unreasonable because the district court correctly considered the applicable factors

in 18 U.S.C. § 3553(a), and imposed a sentence that was supported by the § 3553(a) factors. The court noted that Magana's crimes were particularly violent and that they involved dangerous weapons. Further, Magana had engaged in three prior violent offenses and those previous convictions demonstrated a lack of respect for the law. Thus, the court properly supported the sentence it chose and did not abuse its discretion. Accordingly, we affirm.

**AFFIRMED.**