[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2011
JOHN LEY
CLERK

_____

No. 09-13307
Non-Argument Calendar

_____

D. C. Docket No. 06-00064-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUTHER WAYNE SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 21, 2011)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Luther Wayne Smith appealed his 100-month sentence, imposed after re-sentencing, for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). This Court affirmed Smith's sentence based on prior precedent. United States v. Smith, 370 F. App'x 59 (11th Cir. 2010). However, the Supreme Court granted Smith's petition for writ of certiorari, vacated the judgment, and remanded Smith's appeal for reconsideration in light of Pepper v. United States, 562 U.S. __, 131 S. Ct. 1229 (2011). Smith v. United States, __ U.S. __, 131 S. Ct. 1598 (2011).

On remand for re-sentencing, Smith argued that the district court should consider his post-sentence rehabilitative conduct in determining his new sentence. The district court expressly rejected consideration of Smith's post-sentence rehabilitation in its sentencing calculus, stating that it was prohibited from doing so by this Court's decision in United States v. Lorenzo, 471 F.3d 1219, 1221 (11th Cir. 2006) (holding that "post-sentence rehabilitative conduct is an impermissible factor for the district court's consideration" at sentencing). We affirmed on the same grounds.

In Pepper, however, the Supreme Court abrogated this Court's opinion in Lorenzo, and held that

> when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's

2

> postsentencing rehabilitation and . . . such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range.

131 S. Ct. at 1236. <u>Pepper</u> makes clear that a district court may consider post-sentence rehabilitative conduct at re-sentencing.

In light of <u>Pepper</u>, we vacate our prior opinion in this case, <u>United States v. Smith</u>, 370 F. App'x 59 (11th Cir. 2010), vacate Smith's sentence, and remand for re-sentencing so that the district court may consider Smith's post-sentence rehabilitative conduct as permitted under <u>Pepper</u>.

**PRIOR DECISION VACATED; SENTENCE VACATED, and REMANDED.**