[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14616
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:07-cr-00065-ACC-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD RAY HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 24, 2011)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Donald Ray Harris appeals his 120-month sentence, imposed after re-

sentencing, for possession of a firearm and ammunition by a convicted felon, in

violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1).  In light of the Supreme Court's recent decision in Pepper v. United States, ___ U.S. ___, 131 S. Ct. 1229 (2011), which abrogated United States v. Lorenzo, 471 F.3d 1219 (11th Cir. 2006), we vacate Harris's sentence and remand for re-sentencing.

I.

"We review sentencing decisions only for abuse of discretion, and we use a two-step process."  United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  Id.  (quoting Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)).  If we conclude that no procedural error occurred, "the second step is to review the sentence's 'substantive reasonableness' under the totality of the circumstances, including 'the extent of any variance from the Guidelines range.'"  Id.  (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597).  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)."

2

United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

In now seeking remand for re-sentencing, Harris argues, as he did at his sentencing hearing, that the district court should consider his post-sentence rehabilitative conduct in determining his new sentence.  When he received the 120-month sentence which is the subject of this appeal, this Court's precedent provided that "post-sentence rehabilitative conduct [was] an impermissible factor for the district court's consideration."  Lorenzo, 471 F.3d at 1221.  In Pepper, the Supreme Court abrogated this Court's opinion in Lorenzo, and held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and . . . such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range."  131 S. Ct. at 1236; see also United States v. Smith, ___ F.3d ___, No. 09-13307, 2011 WL 1499229, *1 (11th Cir. Apr. 21, 2011) (recognizing that Lorenzo was abrogated by Pepper).

Although Lorenzo was binding precedent at the time of his re-sentencing hearing, Harris contends that in light of Pepper the district court procedurally erred by failing to consider his post rehabilitative conduct.  The government argues in response that any error by the district court was harmless.  In imposing its sentence, the district court stated: "The Court recognizes your significant rehabilitation in

prison but feels that . . . 120 months is an appropriate sentence under the circumstances." Based on that statement, the government argues that the district court did, in fact, consider Harris's post-rehabilitative conduct but concluded that it did not warrant a lesser sentence. See Williams v. United States, 503 U.S. 193, 203, 112 S. Ct. 1112, 1121 (1992) ("If the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor, then a remand is not required.").

After thorough review of the record, we vacate Harris's sentence and remand for re-sentencing. The district court's statement regarding Harris's post-rehabilitative conduct is ambiguous. While the district court expressly recognized Harris's post rehabilitative conduct at re-sentencing, it is unclear from the record whether the court actively considered that conduct in determining its sentence. Given that our decision in Lorenzo was binding precedent at the time of Harris's re-sentencing, we will not infer that the district court gave consideration to a factor that at the time was impermissible. See Lorenzo, 471 F.3d at 1221. For these reasons, we vacate Harris's sentence and remand for re-sentencing so that the district court may consider his post-sentence rehabilitative conduct as permitted under Pepper.

VACATED and REMANDED.