[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14327
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00148-WSD-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL LUNA JIMENEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 16, 2015)

Before TJOFLAT, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Gabriel Luna Jimenez appeals his 16-month sentence of imprisonment, imposed near the low end of his advisory guideline sentencing range, after

pleading guilty to one count of illegal reentry of a previously removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Jimenez argues that the district court imposed a substantively unreasonable sentence by giving undue weight to unfounded aggravating circumstances and insufficient weight to the mitigating circumstances of his family situation. After careful review of the record and the briefs, we affirm Jimenez's sentence.

## I.

According to the presentence investigation report ("PSR"), Jimenez was encountered by United States Immigration and Customs Enforcement officials after being arrested for simple battery in 2014 in Gwinnett County, Georgia. Immigration records revealed that Jimenez previously had been removed from the United States on four occasions. Jimenez was first ordered removed in September 2011, after being arrested by local law enforcement on domestic-violence charges. He subsequently returned to the United States. He was removed for the second time in March 2012, was found again in the United States shortly after crossing the border in April 2012, was removed again, was found again in May 2012, and then was removed for a fourth time before the arrest in 2014 giving rise to this case. A grand jury indicted Jimenez on one count of illegal reentry, to which he pled guilty.

A probation officer prepared a PSR calculating Jimenez's advisory guideline range at 15 to 20 months of imprisonment. The statutory maximum penalty for Jimenez's offense was 20 years' imprisonment. *See* 8 U.S.C. § 1326(b)(2).

The PSR included information regarding Jimenez's family circumstances, including that one of his daughters has significant health problems requiring multiple surgeries. Jimenez explained that he kept returning to the United States to earn money to pay for her surgeries and medical bills, as well as to support his youngest son, who lived in Georgia.

At sentencing, the district court adopted the PSR's factual findings and guideline range calculations and heard argument from the parties as to an appropriate sentence. Jimenez requested a sentence below the guideline range in consideration of his motivation for returning to the United States. A sentence within the guideline range was not necessary for deterrence, he contended, because he knew that he had violated the law.

The government recommended an 18-month sentence, within the guideline range, asserting that both the present case and Jimenez's 2011 removal followed crimes of violence committed by Jimenez against the mother of his youngest son. The government contended that, in light of Jimenez's prior behavior and the statutory sentencing factors, 18 U.S.C. § 3553(a), an 18-month sentence would provide just punishment and fulfill the need for specific deterrence.

3

Jimenez then personally addressed the district court, acknowledging that he had violated the law but emphasizing that he was uniquely motivated to return in order to pay for his daughter's life-saving surgeries. In response, the district judge stated that he found Jimenez's explanation for his actions "troubling" and "unacceptable" because it showed that his "interest in making money was more important than [his] willingness to abide by the laws of the United States." Even a significant personal need could not justify violating the laws of the United States, the judge explained; otherwise, "this would be a lawless community." The judge further elaborated:

> There are people that for years in this country have not been able to get jobs that need money to care for their families, and according to your value system, all of those, whether they are U.S. citizens or not, would be entitled to go and violate whatever laws are necessary to generate income that they believe that they need. No civilized society, in this country or in your country, tolerates that.
>
> And while I understand that you were uniquely motivated by the concern for your daughter, the rationalization is illogical and nonsensical and to me valueless.
>
> I wonder, Mr. Jimenez, whether or not you took some American's job by being here illegally, meaning that that person or those people were unable to care for their families because according to your values your self-interest was more important than the interests of other people.
>
> . . .

4

So while I, as a father and just another person, I'm sympathetic to your plight, there are Americans in this country every day that have to struggle with finding care for their children. And I know enough about those people and [Non-Governmental Organizations] in Mexico that provide resources and help and finances for children just like your daughter to know that I think if you had tried hard, you probably could have found a way to get the resources you needed for your daughter, including from U.S. sources, without violating our laws repeatedly.

According to the district court, Jimenez's actions showed a pattern of disrespect for the laws of the United States. Jimenez and others needed to be deterred from violating the laws of the United States, the judge stated, even if the violation arose out of a significant personal need. Despite indicating that he believed a sentence at the high end of the guideline range would be appropriate based on Jimenez's prior conduct, the judge ultimately imposed a sentence of 16 months of imprisonment, near the low end of the range. The judge determined that consideration of the § 3553(a) factors, including the needs for deterrence and for the sentence to be fair and just, the nature of the offense, and Jimenez's personal character and circumstances, yielded a determination that a sentence of 16 months of imprisonment was "fair, reasonable and appropriate." Jimenez appeals.

## II.

We review reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591

(2007). We first ensure that the district court committed no significant procedural error, such as failing to consider the § 3553(a) factors or selecting a sentence based on clearly erroneous facts. *Id.* at 51, 128 S. Ct. at 597. If a sentence is free of procedural errors, we then determine whether the sentence imposed was substantively reasonable under the totality of the circumstances. *Id.* The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Langston*, 590 F.3d 1226, 1236 (11th Cir. 2009).

The district court must impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2), including the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, and the applicable guideline range, among other factors. *Id.* § 3553(a)(1), (3)-(7).

The district court has the discretion to determine the weight given to any particular § 3553(a) factor and does not need to discuss each factor. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving

at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted). But we may not "set aside a sentence merely because we would have decided that another one is more appropriate." *Id.* at 1191.

## III.

Jimenez argues that the district court imposed a substantively unreasonable sentence by improperly weighing the § 3553(a) factors. The court abused its discretion by giving unwarranted and significant weight to unfounded aggravating circumstances, he contends, and failed to properly consider the mitigation evidence presented.[1] We disagree.

The district court did not abuse its discretion by imposing a substantively unreasonable sentence. Jimenez's 16-month sentence was near the low end of the guideline range, and we ordinarily expect a sentence within the guideline range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). In addition, the district court's finding that Jimenez had a pattern of reentering the

---

[1] The government contends that Jimenez's arguments on appeal are, at least in part, actually a challenge to the procedural reasonableness of his sentence, which should be reviewed for plain error because Jimenez did not object at sentencing. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (reviewing a procedural reasonableness challenge for plain error). While Jimenez's arguments perhaps could be classified as more "procedural" than "substantive," we address the arguments as presented and, finding that the district court did not abuse its discretion, need not decide whether plain-error review applies. *See United States v. Victor*, 719 F.3d 1288, 1291 n.3 (11th Cir. 2013).

United States unlawfully is well supported by the record. Jimenez was removed from the United States on four prior occasions but kept returning even though he knew that it was unlawful. And while in the United States, Jimenez was convicted of domestic battery in 2011 and arrested for battery in 2014. These facts justified the court's decision to give greater weight to the need for deterrence and to promote respect for the law. *See* 18 U.S.C. § 3553(a)(2); *Williams*, 526 F.3d at 1322.

Nor do the district court's comments during sentencing justify a remand. Jimenez complains about two of the district judge's comments in particular: First, the judge wondered "whether or not [Jimenez] took some American's job by being here illegally," thereby preventing others from earning money to get necessary medical care. Second, the judge told Jimenez that there were "NGOs in Mexico that provide resources and help and finances for children just like your daughter," and that, if Jimenez had "tried hard," he could have found the necessary resources for his daughter without unlawfully and repeatedly returning to the United States.

We agree with Jimenez—and the government acknowledges—that there is no support in the record for these comments. No evidence was presented with respect to either of these statements, and the judge's comments, on their face, do not appear to have bearing on the § 3553(a) sentencing factors. Nonetheless, we cannot say that these comments resulted in an unreasonable sentence.

8

We have held that a sentence can be unreasonable if it "was substantially affected by [the court's] consideration of impermissible factors," because a sentence based on improper factors fails to achieve the purposes of sentencing under § 3553(a). *United States v. Williams*, 456 F.3d 1353, 1361 (11th Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007); *see also United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) ("A sentence that is based entirely upon an impermissible factor is unreasonable because such a sentence does not achieve the purposes of § 3553(a)." (quoting *United States v. Lorenzo*, 471 F.3d 1219, 1221 (11th Cir. 2006)). Nonetheless, "a district court's consideration of an impermissible factor at sentencing is harmless if the record as a whole shows the error did not substantially affect the district court's selection of the sentence imposed." *Williams*, 456 F.3d at 1362.

Here, the record as a whole shows that, even assuming that the district court erred by considering improper factors, the error did not affect the ultimate sentence imposed. *See id.* When viewed in context, the unsupported statements are part of a broader explanation of the judge's reasons for rejecting Jimenez's mitigation arguments based on his unique motivation to return to the United States illegally. The essence of the judge's response was that Jimenez and others "have to understand that you cannot ignore and violate the laws of the United States just

because you have a personal need, even if it's a significant one." In other words, the judge found that the need for the sentence "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B), and "to promote respect for the law," *id.* § 3553(a)(2)(A), outweighed Jimenez's personal reasons for returning to the United States, however significant they were. This was a proper basis on which to reject Jimenez's request for a lower sentence.

Nor are we persuaded that the judge treated Jimenez's mitigation evidence as an aggravating factor, as he contends. Indeed, the judge stated that he was sympathetic to Jimenez as "a father and just another person," and the length of the sentence ultimately imposed was shorter than what the judge thought would have been justified based on Jimenez's prior attempts to return into the country and his conduct while here. Therefore, Jimenez's sentence was not "substantially affected" by any improper or unsupported factors. *See Williams*, 456 F.3d at 1361.

In sum, Jimenez has not shown that the district court committed a clear error in judgment in weighing the § 3553(a) factors and arriving at the sentence imposed based on the facts of the case. *See Irey*, 612 F.3d at 1190. Accordingly, we affirm Jimenez's 16-month sentence of imprisonment.

**AFFIRMED.**