[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12886
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00001-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY NOLAN HARKNESS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 3, 2010)

Before EDMONDSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Troy Nolan Harkness appeals his 110-month sentence for possession of a

firearm and ammunition by a convicted felon, in violation of 18 U.S.C.

§ 922(g)(1); and possession of body armor by a convicted felon, in violation of 18 U.S.C. § 931(a)(1). After a review of the record, we affirm.

Harkness was convicted of possession of a firearm and ammunition by a convicted felon and possession of body armor by a convicted felon in 2007. The guidelines calculations in the presentence investigation report ("PSI") included increases in the offense level and criminal history category because Harkness was a career offender. At sentencing, the district court applied the career-criminal enhancement and sentenced Harkness to 210 months' imprisonment. On appeal, this court vacated and remanded for resentencing after concluding that the district court erred by applying that sentencing enhancement. *United States v. Harkness*, 305 Fed. Appx. 578 (11th Cir. 2008) (unpublished).

Prior to resentencing, the probation officer submitted a supplemental memorandum to reflect this court's mandate. Without the career-criminal enhancement, Harkness's guidelines range was 110 to 137 months' imprisonment. Harkness urged the district court to consider a downward departure or variance based on his "extraordinary rehabilitation while in prison," including teaching nutrition and fitness classes and a lack of disciplinary infractions.

The district court concluded that no variance or departure was warranted. The court acknowledged that Eleventh Circuit precedent did not permit it to

consider post-sentencing rehabilitation, but stated that it found these facts to be relevant to the sentence imposed under 18 U.S.C. § 3553(a). After considering and discussing the § 3553(a) factors, the court sentenced Harkness to 110 months' imprisonment.[1] Harkness raised no other objections to his sentence.[2] This appeal followed.

Harkness argues that by not considering his post-sentencing rehabilitation at resentencing, the district court treated the guidelines as mandatory and imposed an unreasonable sentence that failed to comply with the mandates of 18 U.S.C. § 3553(a). Harkness acknowledges, however, that this court has held that post-sentencing rehabilitation is not a proper sentencing consideration. *See United States v. Lorenzo*, 471 F.3d 1219 (11th Cir. 2006).

In reviewing sentences for reasonableness, we perform two steps. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines

---

[1] The government objected to the court's consideration of Harkness's post-sentencing rehabilitation efforts. And, although it asserts that the district court arguably erred, it has not cross-appealed the sentence imposed.

[2] We note that Harkness made no objection before the district court to the sentence imposed. Arguably, then, he has not preserved any challenge to the reasonableness of his sentence. This court has not yet decided whether plain error review is appropriate under these circumstances, and we need not decide here because under either the abuse-of-discretion standard or plain error review, Harkness's claim fails.

as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).[3]

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" *Pugh*, 515 F.3d at 1190 (quoting *Gall*, 552 U.S. at 51). A sentence may be substantively unreasonable if it does not achieve the purposes of sentencing stated in 18 U.S.C. § 3553(a). *Id.* at 1191. A sentence within the guidelines range is ordinarily expected to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

The weight accorded to the § 3553(a) factors is left to the district court's discretion, and we will not substitute our judgment in weighing the relevant factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). "[T]he

---

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a)." *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006) (quotation and brackets omitted).

Upon review, we conclude that there is no merit to Harkness's claim of procedural error. Under the prior-panel-precedent rule, we are bound by prior decisions of this court unless or until the decision is overruled by this court sitting *en banc* or the Supreme Court. *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009). The rule applies even if a subsequent panel may believe the prior panel was wrong. *United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (*en banc*).

As Harkness concedes, this court has rejected the argument that a court could consider post-sentencing rehabilitation at resentencing. *United States v. Lorenzo*, 471 F.3d 1219, 1220-21 (11th Cir. 2006). Harkness has not identified any case – and we have found none – overturning that precedent. Therefore, *Lorenzo* controls, and Harkness's argument is without merit.

We further conclude that Harkness failed to show the sentence imposed was substantively unreasonable. The district court explained its reasons and discussed

5

the § 3553(a) factors.  Harkness has offered nothing to show this sentence was unreasonable.

**AFFIRMED.**