[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2011
JOHN LEY
CLERK

No. 09-12886
Non-Argument Calendar

_____

D. C. Docket No. 07-00001-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY NOLAN HARKNESS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 21, 2011)

ON REMAND FROM UNITED STATES SUPREME COURT

Before EDMONDSON and KRAVITCH, Circuit Judges.[*]

_____

[*] Due to the retirement of Judge Birch in August 2010, this case is decided by quorum.
*See* 28 U.S.C. § 46(d).

PER CURIAM:

This case is before us for reconsideration in light of *Pepper v. United States*, 131 S.Ct. 1229 (2011).

Harkness was convicted of possession of a firearm and ammunition by a convicted felon and possession of body armor by a convicted felon in 2007. At sentencing, the district court applied a career-criminal enhancement and sentenced Harkness to 210 months' imprisonment. On appeal, this court vacated and remanded for resentencing after concluding that the district court erred by applying that sentencing enhancement. *United States v. Harkness*, 305 Fed. App'x. 578 (11th Cir. 2008) (unpublished).

Prior to resentencing, the probation officer submitted a supplemental memorandum to reflect this court's mandate. Without the career-criminal enhancement, Harkness's guidelines range was 110 to 137 months' imprisonment. Harkness urged the district court to consider a downward departure or variance based on his "extraordinary rehabilitation while in prison," including teaching nutrition and fitness classes and a lack of disciplinary infractions.

The district court concluded that no variance or departure was warranted. At the time, Eleventh Circuit precedent did not permit a district court to consider post-sentencing rehabilitation, which the court recognized, but the court stated that it

2

found these facts to be relevant to the sentence imposed under 18 U.S.C. § 3553(a). After considering and discussing the § 3553(a) factors, the court sentenced Harkness to 110 months' imprisonment.

On appeal, we affirmed Harkness's sentence, rejected Harkness's argument that the district court erred by not considering his post-sentencing rehabilitation at resentencing, and concluded that we were bound by prior precedent in *United States v. Lorenzo*, 471 F.3d 1219 (11th Cir. 2006). *United States v. Harkness*, 367 Fed. App'x. 973 (11th Cir. 2010).

On *certiorari* review, the Supreme Court vacated and remanded our decision for reconsideration in light of its recent decision in *Pepper v. United States*, 131 S.Ct. 1229 (2011). In *Pepper*, the Supreme Court held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of a defendant's postsentencing rehabilitation and such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." *Pepper*, 131 S.Ct. at 1236.

Having reconsidered our previous opinion in light of *Pepper*, we conclude that the district court properly sentenced Harkness. Nothing in *Pepper* requires the court to reduce a sentence based on rehabilitative efforts. *Id.* at n.17. Here, although the district court believed at Harkness's resentencing that post-conviction

3

rehabilitation was not a permissible basis for a deviation from the guidelines, the court nevertheless considered it in the analysis of the § 3553(a) factors.[2] *See Pepper*, 131 S.Ct. at 1242 (explaining that post-sentencing rehabilitation can be relevant to the § 3553(a) analysis). The court noted Harkness's criminal history and the circumstances of the offense and weighed these against Harkness's rehabilitation efforts to find that a sentence within the guideline range was appropriate.

**AFFIRMED.**

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).