[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2012
JOHN LEY
CLERK

_____

No. 09-12886
Non-Argument Calendar

_____

D. C. Docket No. 07-00001-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY NOLAN HARKNESS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 13, 2012)

**ON PETITION FOR REHEARING**

Before EDMONDSON and KRAVITCH, Circuit Judges.[*]

---

[*] Due to the retirement of Judge Birch in August 2010, this case is decided by quorum. *See* 28 U.S.C. § 46(d).

PER CURIAM:

On December 21, 2011, this court issued an opinion affirming Harkness's sentence after the Supreme Court remanded his appeal for reconsideration in light of *Pepper v. United States*, 131 S.Ct. 1229 (2011). *United States v. Harkness*, 449 F. App'x 858 (11th Cir. 2011). Harkness filed a petition for rehearing. We grant the petition, vacate the December 21 opinion, and substitute this opinion in its place.

Harkness was convicted of possession of a firearm and ammunition by a convicted felon and possession of body armor by a convicted felon in 2007 and sentenced to 210 months' imprisonment as a career criminal. On appeal, this court vacated and remanded for resentencing after concluding that the district court erred by applying that sentencing enhancement. *United States v. Harkness*, 305 F. App'x. 578 (11th Cir. 2008) (unpublished).

At resentencing, the court noted that Harkness's guidelines range without the enhancement was 110 to 137 months' imprisonment. Harkness urged the district court to consider a downward departure or variance based on his "extraordinary rehabilitation while in prison," including teaching nutrition and fitness classes, and a lack of disciplinary infractions. The district court concluded that no variance or departure was warranted because Eleventh Circuit precedent did not permit a

2

district court to consider post-sentencing rehabilitation.[2]  But the court stated that it found Harkness's conduct to be relevant to the sentence imposed under 18 U.S.C. § 3553(a).  After considering and discussing the § 3553(a) factors, the court sentenced Harkness to 110 months' imprisonment.

On appeal, we affirmed Harkness's sentence, rejected Harkness's argument that the district court erred by not considering his post-sentencing rehabilitation at resentencing, and concluded that we were bound by prior precedent.  *United States v. Harkness*, 367 F. App'x. 973 (11th Cir. 2010).  On *certiorari* review, the Supreme Court vacated and remanded our decision for reconsideration in light of its recent decision in *Pepper v. United States*, 131 S.Ct. 1229, 1236 (2011) (holding that  "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of a defendant's postsentencing rehabilitation and such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range.").

On remand, we affirmed the sentence imposed, concluding that the district court did consider Harkness's rehabilitative conduct under the sentencing factors in § 3553(a), and that this was sufficient under *Pepper*.  449 F. App'x at 859. Harkness then filed a petition for rehearing that is now before us.

---

[2]  *See United States v. Lorenzo*, 471 F.3d 1219, 1221 (11th Cir. 2006).

Having reconsidered our December 21 opinion, we grant the petition for rehearing and vacate and remand for resentencing. A thorough review of the record shows that the district court's statements regarding Harkness's rehabilitative conduct were ambiguous. Although the court considered Harkness's conduct when evaluating the appropriate sentence under the factors in 18 U.S.C. § 3553(a), the court also stated that under our precedent it could not consider such conduct in determining the advisory guideline range. Thus, we cannot determine whether Harkness would have faced a lower sentence had the court known it could consider a downward variance based on rehabilitative conduct. For these reasons, we vacate and remand for resentencing so that the district court may consider Harkness's post-sentence rehabilitative conduct under *Pepper*.

**VACATED and REMANDED.**